**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAVIER RAMIREZ,

Defendant.

Case No. 08-cr-746-15

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Defendant Javier Ramirez seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [1792]. For the foregoing reasons, this Court denies Defendant's motion.

### I.    Background

On October 22, 2008, a grand jury returned a multi-count indictment charging Ramirez with narcotics conspiracy and other narcotics offenses. [134]. On September 30, 2009, a superseding indictment charged Ramirez with a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to possess and distribute mixtures containing cocaine, in violation of 21 U.S.C. § 846 (Count 11); and possession with intent to distribute a mixture containing cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts 31, 35, and 43). [299]. On October 22, 2010, Ramirez pled guilty as to Counts 1 and 11 of the superseding indictment. [601]. The Court sentenced Ramirez to 180 months on Count 1 and 60 months on Count 11, to run consecutively, and remanded him into custody. [1137]. *Id.* The Seventh Circuit later affirmed

1

Ramirez's conviction and sentence. [1405]; *United States v. Garcia*, 754 F.3d 460, 487–88 (7th Cir. 2014).

Subsequently, Ramirez filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *United States v. Ramirez*, 15-cv-9164 (N.D. Ill. Oct. 15, 2015), ECF No. 1. The Court denied Ramirez's Section 2255 petition in January 2016. *Id.*, ECF No. 8.

On October 15, 2016, Ramirez moved for a sentence reduction under the Fist Step Act. [1738]. On August 27, 2020, Ramirez moved this Court for compassionate release. [1755]. The Government responded to both motions. [1781]. In an order dated September 7, 2021, the Court denied Ramirez's motions. [1785]. The Court rejected Ramirez's argument that his family circumstances, in addition to his commitment to rehabilitation, demonstrated extraordinary and compelling reasons for release. *Id.*

Ramirez now renews his motion for compassionate release, arguing that the following extraordinary circumstances warrant a sentence reduction: (1) gang renunciation; (2) the COVID-19 pandemic; (3) unusually harsh prison conditions; (4) disparity in sentencing; (5) family circumstances, including an elderly and ill grandmother; and (6) rehabilitation. [1792]; [1793]. The Government opposes Ramirez's motion. [1801].

## II. Standard of Review

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

2

on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The parties agree that Ramirez has properly exhausted his administrative rights. [1801] at 11.

Once a defendant has exhausted his administrative remedies, the Court's consideration of a motion for compassionate release proceeds in two steps. *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.*; *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). If this Court finds such reasons exist, it must then weigh any applicable sentencing factors in 18 U.S.C. § 3553(a) in determining whether to reduce a sentence. *Peoples*, F.4th at 840; *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

Until the Sentencing Commission updates its policy statement to reflect prisoner-initiated motions for compassionate release, district courts maintain broad discretion in determining what constitutes "extraordinary and compelling reasons" to warrant a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021); *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022). The defendant bears the burden to demonstrate such "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III. Analysis

#### A. Ramirez Does Not Establish "Extraordinary and Compelling Reasons"

Ramirez does not present extraordinary and compelling circumstances, either alone or in combination, which justify his early release.

Ramirez argues that his "sentence is not proportional to other sentences imposed on like defendants." [1793] at 15–17. But the Seventh Circuit has repeatedly emphasized that "a legal contest to a sentence must be resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023).

Ramirez also contends that he has experienced unusually harsh conditions in prison, largely due to lockdown measures that the Federal Bureau of Prisons has undertaken to curb the spread of COVID-19. [1793] at 14–15. A compassionate release motion "is not the right vehicle" to challenge conditions of confinement. *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at \*1 (7th Cir. June 16, 2022); *see also United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021) (observing that federal inmates may challenge "medically unsafe conditions of confinement" by filing a civil suit under the Eighth Amendment), *cert. denied*, 142 S. Ct. 476 (2021); *United States v. Ogle*, No. 15-CR-40042-JPG-003, 2022 WL 2307377, at \*4 (S.D. Ill. June 27, 2022) ("Should Ogle feel the conditions are unacceptable and not justified by a legitimate penological interest, he may pursue a separate conditions of confinement lawsuit.").

Ramirez next raises concerns about COVID—specifically, (1) the "long-term effects of COVID," after having contracted COVID-19 in November 2020, and (2) the "very real possibility" of being subjected to a new COVID strain and becoming seriously ill. [1793] at 11, 13. Ramirez's COVID-related concerns do not constitute compelling and extraordinary circumstances. He has received both doses of the Moderna COVID-19 vaccine and a COVID-19 vaccine booster. [1802] at 36. Given the availability of safe and effective vaccines, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release unless they can demonstrate that they are medically unable to receive or benefit from the available vaccines." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022) (citing *United States v. Ugbah*, 4 4 F.4th 595, 597 (7th Cir. 2021)).

Nothing in the record suggests that Ramirez is unable medically to benefit from the vaccines. Nor does Ramirez explain why contracting another COVID-19 strain would make him very seriously ill when he has been vaccinated and boosted. *See United States v. Hernandez*, No. 10-30081, 2021 WL 3192161, at \*2 (C.D. Ill. July 28, 2021) (noting COVID-19 vaccines are safe and effective at preventing COVID-19, including severe illness and death). He alleges that he has stage III kidney disease and suffers from obesity and cites articles showing that immunocompromised individuals remain at increased risk of severe illness from a COVID-19 infection. *See* [1806] at 5–6. Yet those articles do not provide individualized evidence that *Ramirez himself* remains at risk for severe illness despite being vaccinated and boosted. *See. United States v. Jackson*, Nos. 21-3335 & 22-1668, 2022 WL 4244894, at \*1 (7th

Cir. Sept. 15, 2022) ("Even if immunocompromised individuals might not develop an adequate immune response from vaccination, Jackson still needed to submit evidence suggesting that he is unable to benefit from the vaccine."); *see also United States v. Nelson*, No. 4:17-CR-40040-SLD-2, 2022 WL 16836607, at *2 (C.D. Ill. Nov. 9, 2022).

Ramirez's concerns about the long-term effects from his COVID infection also do not appear extraordinary and compelling. Ramirez alleges he suffers from acute bronchitis. [1806] at 8. His medical records reflect that he has "continued sob and cough" two years after contracting COVID, but that he uses an albuterol inhaler which "helps" with those conditions. [1802] at 1. In light of evidence that Ramirez's inhaler helps him manage and mitigate his lingering COVID symptoms, the Court cannot say that Ramirez's long-term COVID symptoms present extraordinary and compelling reasons justifying his release.

Ramirez also argues that his family circumstances warrant compassionate release. [1793] at 18. As he did in his prior motion, he asserts that his grandmother is elderly and very ill and that his family members are unable to care for her during the day due to their employment responsibilities. *Id.* Ramirez also asserts that his mother's recent stroke and need for care qualifies as a compelling and extraordinary circumstance. *See* [1806] at 8. But as the Court previously explained in addressing this same issue, many inmates have elderly and ill family members who could use their assistance. While this Court remains sympathetic to Ramirez's concerns about his elderly family members, the desire to "care for an elderly or ill relative" is not an extraordinary and compelling reason to warrant release. *United States v. White*, No.

198CR00038JMSMJD03, 2022 WL 17960721, at \*5 (S.D. Ind. Dec. 27, 2022); *United States v. Adams*, No. 10-30086, 2022 WL 188117, at \*3 (C.D. Ill. Jan. 20, 2022).

Ramirez also argues that his release would allow him to care for his children and guide his older son away from gang activity and violence. [1793] at 19. There is no evidence, however, that his children lack other caregivers. *Compare United States v. Fortson*, No. 118CR00063TWPMJD, 2020 WL 3963729, at \*3 (S.D. Ind. July 13, 2020) (finding that the defendant presented a compelling reason for compassionate release where the mother of his minor child died, the child had no long-term care options, and the defendant might lose parental rights due to his continued incarceration). And while it is commendable that Ramirez desires to help guide his son away from gang activity, that is not a compelling reason for his release. *See United States v. Quintana*, No. 117CR190TWPTAB2, 2021 WL 4521150, at \*5 (S.D. Ind. Oct. 1, 2021) ("Many prisoners would like to be in their children's lives but that is an unfortunate consequence of their crimes.").

As a final point, Ramirez argues that he has taken many steps toward rehabilitation (including renouncing his gang affiliation) and would enjoy strong family support upon release, including supervision by his Chicago Police Department officer cousin. *See* [1793] at 18; [1806] at 10. This again is not a compelling and extraordinary reason; rehabilitation "cannot serve as a stand-alone reason" for compassionate release. *Peoples*, 41 F.4th at 842 (quotation omitted).

In sum, Ramirez does not demonstrate any compelling or extraordinary circumstances to warrant his release. For this reason alone, this Court denies his motion.

**B.      The Section 3553(a) Factors Weigh Against Release**

Even if compelling and extraordinary circumstances existed in this case, the the Section 3553(a) factors do not favor Ramirez's release. Ramirez operated as a "Section Inca," a leader of a street section for the Latin Kings. *Garcia*, 754 F.3d at 466. Among other tasks, he carried out directives from his superiors in the drug conspiracy, including retaliatory shootings whenever a rival shot a Latin King in a nearby neighborhood. *Id.* Ramirez pled guilty to participating in a racketeering conspiracy involving murder, attempted murder, aggravated assault, extortion, and drug trafficking. *Id.* at 465. His commission of serious violent crimes weigh strongly against early release. *See Sarno*, 37 F.4th at 1253 (affirming the district judge's denial of compassionate release and characterizing a "racketeering conspiracy" as a "grave and violent crime[s] with potentially deadly consequences"). Ramirez also has an extensive criminal history that includes convictions for aggravated unlawful use of a weapon, possession of a controlled substance, and DUI. [1129] at 17. His criminal history also weighs against early release.

Considering the totality of the factors and circumstances, the Court concludes that Ramirez continues to pose a significant danger to the public and that releasing him now from his sentence for "myriad violent crimes would not promote respect for

the law." *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *2 (7th Cir. June 16, 2022).

## IV.    Conclusion

For the stated reasons, this Court denies Javier Ramirez's motion for compassionate release [1792].

E N T E R:

Dated: February 17, 2023

MARY M. ROWLAND
United States District Judge

9